UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SHAKIM HARRIS,<br><br>   Plaintiff,<br><br>v.<br><br>LENON HONOR,<br><br>   Defendant. | **REPORT AND RECOMMENDATION TO DISMISS COMPLAINT (DOC. NO. 5)**<br><br>Case No. 2:21-cv-00350<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Shakim Harris, proceeding *in forma pauperis*, (*see* Doc. No. 4), filed this action against Lenon Honor, (Compl., Doc. No. 5). Mr. Harris alleges copyright infringement and seeks $10,000 in compensation and full ownership and/or removal of Mr. Honor's YouTube channels. (Compl., Doc. No. 5.) The court previously identified deficiencies in the complaint and ordered Mr. Harris to file an amended complaint. (Order to File Am. Compl., Doc. No. 7.) The court noted failure to file an amended complaint could result in an order or recommendation to dismiss this action. (*Id.*) Mr. Harris did not file an amended complaint by the deadline set in the court's order or anytime thereafter. Because Mr. Harris failed to comply with the court's order to amend his complaint, further opportunities to amend would be futile. For the reasons stated below, the complaint fails to state a claim on which relief may be granted and the undersigned[1] recommends the district judge dismiss the complaint.

---

[1] On July 6, 2021, this case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 11.)

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* (internal quotation marks omitted).

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).  But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Also relevant is Rule 8 of the Federal Rules of Civil Procedure, which requires the complaint include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[A] failure to satisfy Rule 8 can supply a basis for dismissal." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007)

(analyzing a case under Rule 41(b) of the Federal Rules of Civil Procedure); *see also Luciani v. Ingle*, No. CV 05-0713, 2006 U.S. Dist. LEXIS 113659, at *6 (D.N.M. Jan. 27, 2006) (unpublished) (noting dismissal may be proper pursuant to Rule 8 when a complaint is ambiguous or vague).

Because Mr. Harris proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted). While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

Mr. Harris' complaint fails to state a claim on which relief may be granted. Mr. Harris asserts copyright infringement but fails to assert any facts supporting this claim. (*See* Compl., Doc. No. 5.) To state a claim for copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original [to the plaintiff]." *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014)

(internal quotation marks omitted). A plaintiff's failure to "plead a required element necessitates dismissal for failing to state a claim." *Id.* at 1299–300.

Mr. Harris's complaint states, in its entirety, as follows:

> I am bringing this lawsuit against Lenon Honor for copyright infringement. I have made several complaints with YouTube to avoid this legal action, however I have not been able to reach a resolution as of yet. I seek $10,000 in compensation as well as full ownership and/or removal of Lenon Honor's Youtube channels.

(Compl., Doc. No. 5.) The complaint does not contain any factual allegations supporting a claim of copyright infringement. For instance, Mr. Harris does not allege he has a valid copyright, nor does he assert any facts suggesting Mr. Honor copied constituent elements of Mr. Harris' work that are original to him. The court is left guessing what Mr. Harris has copyrighted and how Mr. Honor allegedly infringed that copyright.

For this reason, Mr. Harris' complaint fails to state a plausible claim for relief under Rule 12(b)(6). Mr. Harris' pleading also fails to comport with Rule 8 because it does not provide fair notice to Mr. Honor of the grounds for the claim. Where Mr. Harris failed to amend his complaint as ordered, further opportunities to amend would be futile, and dismissal is appropriate.

## RECOMMENDATION

Where Mr. Harris' complaint fails to state a plausible claim for relief under Rule 12(b)(6) and fails to provide fair notice under Rule 8, the undersigned RECOMMENDS the district judge dismiss the complaint. The court will send this Report and Recommendation to Mr. Harris, who is notified of his right to object to it. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). Mr. Harris must file any objection to this Report and Recommendation within fourteen

(14) days of service. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 13th day of April, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge